IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BOYAN SUBOTIC,**

    **Plaintiff,**

                                                Case No.: 8:21-cv-2137

**v.**

**JABIL, INC. a/k/a JABIL**
**CIRCUIT, INC., a Foreign Profit**             **JURY TRIAL DEMANDED**
**Corporation,**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff Boyan Subotic ("Subotic" or "Plaintiff"), by and through undersigned counsel, brings this Complaint against Jabil, Inc. a/k/a Jabil Circuit, Inc. ("the Corporation" or "Defendant"), and states as follows:

### JURISDICTION

1. Plaintiff is an individual 18 years of age or older and is thus *sui juris*.

2. Subotic currently resides in Pinellas County, Florida, and did at all times relevant to the allegations herein reside in Pinellas County, Florida.

3. The Corporation is a foreign profit corporation with its principal place of business at 10560 Dr. Martin Luther King, Jr. Street North, St. Petersburg, Florida 33716.

4. Subotic worked at the Corporation's location in Pinellas County, Florida.

5. Therefore, the events or transactions out of which this claim arose occurred in Pinellas County, Florida.

## JURISDICTION AND VENUE

6. This is an action under federal law, specifically, Title VII of the Civil Rights Act of 1964, as amended ("Title VII")[1] and 42 U.S.C. § 1981.

7. Accordingly, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

8. Subotic is also raising claims under state and local law, the Florida Civil Rights Act of 1992, as amended ("FCRA"),[2] and the Florida whistle-blower's protection act ("the FWA").[3]

9. The claims that arise under state law arise out of the same nexus of operative facts, and this Court therefore has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 U.S.C. § 1391(b)(2) as the events or transactions out of which this claim arose occurred in Pinellas County, which is located within the Middle District of Florida.

---

[1] 42 U.S.C. § 2000e *et seq.*
[2] Fla. Stat. § 760.01 *et seq.*
[3] Fla. Stat. § 448.101 *et seq.*

11. Thus, the Tampa Division is the proper division. M.D. Fla. Loc. R. 1.02(b)(4).

## GENERAL ALLEGATIONS

12. Subotic began working for the Corporation in April of 2017.

13. Subotic performed work for the Corporation in Information Technology Department.

14. Subotic's performance had always met or exceeded expectations.

15. Subotic is of Serbian descent.

16. Upon information and belief, Subotic was the only individual employed in the same capacity who was of Serbian origin.

17. Natasha Holton ("Holton") was promoted in Subotic's department on or about June 1, 2020.

18. Upon Holton's promotion, she began singling Subotic out and treating him differently than co-workers who were not of Serbian origin.

19. For example, Subotic was written up twice (July 13 and July 20, 2020) for issues that other non-Serbian individuals were not written up for.

20. Furthermore, negative comments were made about food that he had brought in for the office to share, such as the food being too "ethnic."

21. On the morning of July 31, 2020, Subotic reported what he reasonably believed to be the discrimination to Deanna Doheny ("Doheny") in the human resources department and to his manager.

22. Not only did the Corporation fail to take prompt, remedial action in response to his report of discrimination/harassment, but the harassment intensified in retaliation for his reports.

23. Every day that he went to work Subotic felt that he was under a microscope, with other employees and supervisors looking for reasons to disparage his work.

24. Subotic had been successfully performing his duties with the Corporation for over three years, and then, as soon as Holton was promoted into a position to discriminate against him, she did.

25. Subotic spoke with Doheny three more times, including August 12, 2020, August, 14, 2020, and August 18, 2020 to discuss the discrimination and/or harassment.

26. Subotic was informed during that final meeting that he was being terminated.

27. As a direct and proximate result of the Defendant's unlawful conduct, described herein, Subotic has suffered, is suffering from, and is reasonably likely to consider to suffer damages, including financial damages, emotional damages, loss of the capacity to enjoy life, and others.

28. Subotic has had to retain undersigned counsel to protect his rights and is therefore obligated to remit fees and costs for the same.

29. Subotic cross-filed a charge of discrimination as to his current claims with the Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations, and the Pinellas County Office of Human Rights. (Exh. A.)

30. More than 180 days have passed since Subotic submitted his charge of discrimination.

31. The EEOC issued its Dismissal and Notice of Rights and this suit is timely filed within 90 days of Subotic's receipt thereof. (Exh. B.)

### COUNT I (TITLE VII NATIONAL ORIGIN DISCRIMINATION)

32. Subotic reaffirms and realleges paragraphs 1-31, above.

33. The Corporation is and was all at all relevant times engaged in an industry affecting commerce with fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

34. Therefore, the Defendant is an "employer" within the meaning of Title VII.

35. The Corporation has or had more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

36. Subotic was an "employee" of the Defendant within the meaning of Title VII.

37. Subotic is in a protected class within the meaning of Title VII by virtue of his national origin, Serbian.

38. Subotic was qualified to perform his job duties with the Defendant.

39. The Defendant took adverse employment actions against Subotic, including disciplining him and terminating his employment.

40. Subotic's national origin was, at minimum, a motivating factor in the Defendant's decision to take adverse actions against him, thereby treating him differently than similarly situated non-Serbian employees.

41. By virtue of the actions described herein, the Defendant has violated Title VII.

WHEREFORE, Subotic demands that the Court enter judgment against Defendant, and:

a. Direct the Defendant to make Subotic whole by providing him with back pay;

b. Direct the Defendant to reinstate Subotic, or, if that is not feasible, award him front pay;

c. Direct the Defendant to make Subotic whole by providing him with compensation for mental anguish, emotional damages, loss of the capacity of enjoyment of life, and humiliation;

d. Direct the Defendant to pay reasonable attorneys' fees and costs associated with prosecution of this lawsuit;

e. Award nominal damages;

f. Award punitive damages;

     g.     Grant whatever additional damages or equitable relief the Court deems just and proper; and

     h.     Interest on any amount awarded.

**COUNT II (42 U.S.C. § 1981 NATIONAL ORIGIN DISCRIMINATION)**

42.     Subotic reaffirms and realleges paragraphs 1-31, above.

43.     The Corporation is and was at all relevant times engaged in an industry affecting commerce.

44.     Therefore, the Defendant is an "employer" within the meaning of 42 U.S.C. 1981.

45.     The Corporation has or had more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

46.     Subotic was an "employee" of the Defendant within the meaning of 42 U.S.C. § 1981.

47.     Subotic is in a protected class within the meaning of 42 U.S.C. § 1981 by virtue of his national origin, Serbian.

48.     Subotic was qualified to perform his job duties with the Defendant.

49.     The Defendant took adverse employment actions against Subotic, including disciplining him and terminating his employment.

50.     Subotic's national origin was, at minimum, a motivating factor in the Defendant's decision to take adverse actions against him, thereby treating him differently than similarly situated non-Serbian employees.

51.     By virtue of the actions described herein, the Defendant has violated 42 U.S.C. § 1981.

WHEREFORE, Subotic demands that the Court enter judgment against Defendant and:

a.      Direct the Defendant to make Subotic whole by providing him with back pay;

b.      Direct the Defendant to reinstate Subotic, or, if that is not feasible, award him front pay;

c.      Direct the Defendant to make Subotic whole by providing him with compensation for mental anguish, emotional damages, loss of the capacity of enjoyment of life, and humiliation;

d.      Direct the Defendant to pay reasonable attorneys' fees and costs associated with prosecution of this lawsuit;

e.      Award nominal damages;

f.      Award punitive damages;

g.      Grant whatever additional damages or equitable relief the Court deems just and proper; and

h.      Interest on any amount awarded.

### COUNT III (FCRA NATIONAL ORIGIN DISCRIMINATION)

52.     Subotic reaffirms and realleges paragraphs 1-31, above.

53. At all relevant times, the Corporation employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

54. Therefore, the Defendant is an "employer" within the meaning of the FCRA.

55. Subotic was an "employee" of the Defendant within the meaning of the FCRA.

56. Subotic is in a protected class within the meaning of the FCRA by virtue of his national origin, Serbian.

57. Subotic was qualified to perform his job duties with the Defendant.

58. The Defendant took adverse employment actions against Subotic, including disciplining him and terminating his employment.

59. Subotic's national origin was, at minimum, a motivating factor in the Defendant's decision to take adverse actions against him, thereby treating him differently than similarly situated non-Serbian employees.

60. By virtue of the actions described herein, the Defendant has violated the FCRA.

WHEREFORE, Subotic demands that the Court enter judgment against Defendant and:

a. Direct the Defendant to make Subotic whole by providing him with back pay;

    b.    Direct the Defendant to reinstate Subotic, or, if that is not feasible, award him front pay;

    c.    Direct the Defendant to make Subotic whole by providing him with compensation for mental anguish, emotional damages, loss of the capacity of enjoyment of life, and humiliation;

    d.    Direct the Defendant to pay reasonable attorneys' fees and costs associated with prosecution of this lawsuit;

    e.    Award nominal damages;

    f.    Award punitive damages;

    g.    Grant whatever additional damages or equitable relief the Court deems just and proper; and

    h.    Interest on any amount awarded.

## COUNT IV (TITLE VII RETALIATION)

61.    Subotic reaffirms and realleges paragraphs 1-31 and 33-36, above.

62.    Subotic engaged in protected conduct within the meaning of Title VII when he reported what he reasonably believed to be national origin-based discrimination and later, the retaliation for the reports of the discrimination, to Doheny and other supervisors.

63.    The Defendant took adverse employment actions against Subotic, including disciplining him and terminating his employment.

64. The adverse employment actions were not wholly unrelated to the protected conduct, being connected at least in part by the close temporal proximity of the adverse actions to the protected conduct.

65. By virtue of the actions described herein, the Defendant has violated Title VII.

WHEREFORE, Subotic demands that the Court enter judgment against Defendant, and:

 a. Direct the Defendant to make Subotic whole by providing him with back pay;

 b. Direct the Defendant to reinstate Subotic, or, if that is not feasible, award him front pay;

 c. Direct the Defendant to make Subotic whole by providing him with compensation for mental anguish, emotional damages, loss of the capacity of enjoyment of life, and humiliation;

 d. Direct the Defendant to pay reasonable attorneys' fees and costs associated with prosecution of this lawsuit;

 e. Award nominal damages;

 f. Award punitive damages;

 g. Grant whatever additional damages or equitable relief the Court deems just and proper; and

 h. Interest on any amount awarded.

## COUNT V (42 U.S.C. § 1981 RETALIATION)

66. Subotic reaffirms and realleges paragraphs 1-27 and 33-36, above.

67. Subotic engaged in protected conduct within the meaning of 42 U.S.C. § 1981 when he reported what he reasonably believed to be national origin-based discrimination and later, the retaliation for the reports of the discrimination, to Doheny and other supervisors.

68. The Defendant took adverse employment actions against Subotic, including disciplining him and terminating his employment.

69. The adverse employment actions were not wholly unrelated to the protected conduct, being connected at least in part by the close temporal proximity of the adverse actions to the protected conduct.

70. By virtue of the actions described herein, the Defendant has violated 42 U.S.C. § 1981.

WHEREFORE, Subotic demands that the Court enter judgment against Defendant and:

a. Direct the Defendant to make Subotic whole by providing him with back pay;

b. Direct the Defendant to reinstate Subotic, or, if that is not feasible, award him front pay;

    c.    Direct the Defendant to make Subotic whole by providing him with compensation for mental anguish, emotional damages, loss of the capacity of enjoyment of life, and humiliation;

    d.    Direct the Defendant to pay reasonable attorneys' fees and costs associated with prosecution of this lawsuit;

    e.    Award nominal damages;

    f.    Award punitive damages;

    g.    Grant whatever additional damages or equitable relief the Court deems just and proper; and

    h.    Interest on any amount awarded.

## COUNT VI (FCRA RETALIATION)

71.    Subotic reaffirms and realleges paragraphs 1-27 and 53-55, above.

72.    Subotic engaged in protected conduct within the meaning of the FCRA when he reported what he reasonably believed to be national origin-based discrimination and later, the retaliation for the reports of the discrimination, to Doheny and other supervisors.

73.    The Defendant took adverse employment actions against Subotic, including disciplining him and terminating his employment.

74.    The adverse employment actions were not wholly unrelated to the protected conduct, being connected at least in part by the close temporal proximity of the adverse actions to the protected conduct.

75. By virtue of the actions described herein, the Defendant has violated the FCRA.

WHEREFORE, Subotic demands that the Court enter judgment against Defendant and:

    a. Direct the Defendant to make Subotic whole by providing him with back pay;

    b. Direct the Defendant to reinstate Subotic, or, if that is not feasible, award him front pay;

    c. Direct the Defendant to make Subotic whole by providing him with compensation for mental anguish, emotional damages, loss of the capacity of enjoyment of life, and humiliation;

    d. Direct the Defendant to pay reasonable attorneys' fees and costs associated with prosecution of this lawsuit;

    e. Award nominal damages;

    f. Award punitive damages;

    g. Grant whatever additional damages or equitable relief the Court deems just and proper; and

    h. Interest on any amount awarded.

## COUNT VII (FWA RETALIATION)

76. Subotic reaffirms and realleges paragraphs 1-27, above.

77. Upon information and belief, the Corporation employs ten or more persons.

78. The Corporation is therefore an "employer" within the meaning of the FWA.

79. Subotic performed services for and under the control and direction of the Corporation for wages or other remuneration.

80. Accordingly, Subotic was an "employee" of the Corporation within the meaning of the Act.

81. Subotic engaged in protected conduct within the meaning of the FWA when he reported what he reasonably believed to be national origin-based discrimination, and later, the retaliation for the reports of the discrimination, to Doheny and other supervisors.

82. The Defendant took adverse employment actions against Subotic, including disciplining him and terminating his employment.

83. The adverse employment actions were not wholly unrelated to the protected conduct, being connected at least in part by the close temporal proximity of the adverse actions to the protected conduct.

84. By virtue of the actions described herein, the Defendant has violated the FWA.

WHEREFORE, Subotic demands that the Court enter judgment against Defendant and:

    a.    Direct the Defendant to make Subotic whole by providing him with back pay;

    b.    Direct the Defendant to reinstate Subotic, or, if that is not feasible, award him front pay;

    c.    Direct the Defendant to make Subotic whole by providing him with compensation for mental anguish, emotional damages, loss of the capacity of enjoyment of life, and humiliation;

    d.    Direct the Defendant to pay reasonable attorneys' fees and costs associated with prosecution of this lawsuit;

    e.    Award nominal damages;

    f.    Award punitive damages;

    g.    Grant whatever additional damages or equitable relief the Court deems just and proper; and

    h.    Interest on any amount awarded.

## JURY TRIAL DEMAND

The Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 7th day of September, 2021.

/s/ Shaina Thorpe
**SHAINA THORPE**
Florida Bar No. 0055464
Primary: shaina@thorpelaw.net
Secondary: admin@thorpelaw.net

**THORPELAW, P.A.**
1228 East 7th Ave., Ste. 200
Tampa, Florida 33605
Telephone: (813) 400-0229
Fax: (813) 944-5223

*Counsel for Plaintiff Boyan Subotic*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

Florida Commission On Human Relations, Pinellas County Office of Human Rights, and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Boyan Subotic | (813) 408-9040 | 10/25/1979 |

| Street Address | City, State and ZIP Code |
|---|---|
| 123 114th Avenue N. | St. Petersburg, FL 33716 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| JABIL, Inc. | 15+ | (727) 577-9749 |

| Street Address | City, State and ZIP Code |
|---|---|
| 10560 Dr. MLK Jr. Street North | St. Petersburg, FL 33716 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Jabil Circuit, Inc. | 15+ | (727) 577-9749 |

| Street Address | City, State and ZIP Code |
|---|---|
| 10560 Dr. MLK Jr. Street North | St. Petersburg, FL 33716 |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: N/A       Latest: 08/18/2020
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I believe I was discriminated on the basis of my national origin (Serbian), and thereafter retaliated against for my report of discrimination, in violation of Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act of 1992, and the Pinellas County Human Rights Ordinance, at minimum. I was employed by the Respondent from approximately April 2017 until on or about August 18, 2020. Natasha Holton was promoted in my department on or about June 1, 2020. Upon Ms. Holton's promotion, she began singling me out and treating me differently than co-workers who were not of Serbian origin. For example, I was written up twice (July 13 and July 20, 2020) for issues that other non-Serbian individuals were not written up for. Furthermore, negative comments were made about food that I had brought in for the office to share, such as it was deemed too "ethnic." On the morning of July 31, 2020, I reported what I believed to be the discrimination to Deanna Doheny in the human resources department and to my manager. Not only did the Respondent fail to take prompt, remedial action in response to my report of discrimination/harassment, but the harassment intensified in retaliation for my reports. Every day that I went to work I felt that I was under a microscope, with other employees and supervisors looking for reasons to disparage my work. I had been successfully performing my duties with the Respondent for over three years, and then, as soon as Ms. Holton was promoted into a position to discriminate against me, she did. I met with Ms. Doheny three more times, including August 12, 2020, August, 14, 2020, and August 18, 2020. I was informed during that final meeting that I was being terminated. I believe the termination was rooted in discrimination and retaliation. I also believe that any and all justifications presented by the Respondent are merely pretext to cover-up the illegal actions.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 11/27/2020        *Boyan Subotic*<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

Attorney of Record: Shaina Thorpe, ThorpeLaw, P.A., 1228 East 7th Ave. Ste. 200, Tampa, FL 33605; (813) 400-0229

EXHIBIT A

| EEOC Form 161 (11/2020) | **U.S. E**QUAL **E**MPLOYMENT **O**PPORTUNITY **C**OMMISSION |
|---|---|

## Dismissal and Notice of Rights

| To: | Boyan Subotic<br>c/o Shaina Thorpe, Esquire<br>ThorpeLaw, P.A.<br>1228 East 7th., Ave., Ste. 200<br>Tampa, FL 33605 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 15H-2021-00006 | Maria E. de Paz<br>State & Local Coordinator | (786) 648-5826 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)            *Maria E. de Paz* for            June 9, 2021
                         Paul V. Valenti,                    *(Date Issued)*
                         District Director

cc:  **Jabil, Inc.**
     c/o Heather J. Casagrande, Esquire
     10560 Dr. Martin Luther King, Jr. Street North
     Saint Petersburg, FL 33716

EXHIBIT B

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EXHIBIT B